UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
ALTERNATIVE PRODUCTIONS, INC.,  )
         Plaintiff,             )
                                )
     v.                         )    C.A. No. 11-11499-MLW
                                )
THE PROCTOR & GAMBLE COMPANY,   )
INC., The GILLETTE COMPANY      )
         Defendants.            )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        September 28, 2012

Plaintiff Alternative Productions, Inc. ("API") originally brought this action against defendant Procter & Gamble, Co., ("P&G"). All of API's claims are based on the law of the Commonwealth of Massachusetts. Federal jurisdiction was based on diversity of citizenship under 28 U.S.C. §1332(a) because API is a citizen of Massachusetts and P&G is a citizen of Ohio, where it has its principal place of business.

API subsequently filed, as of right, an Amended Complaint adding The Gillette Company ("Gillette"), a subsidiary of P&G, as a defendant. API was later granted leave to file a Second Amended Complaint. In both the Amended Complaint and the now operative Second Amended Complaint Gillette is alleged to have its principal place of business in Massachusetts.

Defendants have moved to dismiss the Second Amendment Complaint on the ground that the addition of Gillette as a defendant has destroyed the diversity of citizenship required to

establish diversity jurisdiction under §1332(a). As API recognizes, this contention is correct. A corporation is a citizen of the state in which it is incorporated and of the state in which it has its principal place of business. See 28 U.S.C. §1332(c)(1); Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006). When a plaintiff and defendant are citizens of the same state, the parties are not diverse and federal jurisdiction does not exist under §1332(a). See Sweeney v. Westvaco, Co., 926 F.2d 29, 41 (1st Cir. 1991). An amendment adding a defendant that is a citizen of the same state as the plaintiff destroys subject matter jurisdiction. See Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 140 (1st Cir. 2004). Therefore, the Second Amended Complaint, on its face, fails to establish the diversity jurisdiction necessary for this case to proceed in this court.

However, in opposition to the motion to dismiss, API argues that Gillette's principal place of business is actually in Ohio, at P&G's headquarters. It proposes to amend its Complaint again to allege this and thus reestablish diversity jurisdiction. Defendants contend that the proposed amendment should not be allowed because it would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). Defendants have submitted two affidavits seeking to establish that Gillette's principal place of business is indeed in Massachusetts. API has responded by submitting documents to support its current contention that Gillette's principal place of

business is in Ohio.

Plaintiff bears the burden of proving that diversity jurisdiction exists. See Hertz Corp. v. Friend, 130 S.Ct. 1181, 1194 (2010). It must provide "competent proof" to do so. Id. at 1195. If the factual allegations concerning the basis for federal jurisdiction "are illuminated, supplemented, or even contradicted by other materials in the district court record," the court "need not confine [its] jurisdictional inquiry to the pleadings, but may consider those other materials." Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dep't of Homeland Sec., 510 F.3d 1, 8 (1st Cir. 2007). Where, as here, "the facts relevant to the jurisdictional inquiry are not intertwined with the merits of plaintiff's claim 'the trial court . . . is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Torres-Negron v. JRN Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007)(quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

The test for determining a corporation's principal place of business was recently clarified in Hertz, where the Supreme Court wrote:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control,

3

>  and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

130 S.Ct. at 1192. The Court also wrote that, "if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the principal place of business is in New York." Id. at 1194.

API contends that this is a case in which the bulk of Gillette's manufacturing and other activities are based in Boston, but those activities are directed by officers who work at the P&G headquarters in Ohio. In support of this contention, API provides, among other things, evidence that Gillette's public filings report that the vast majority of its officers, including its President, are located in Ohio. Such filings are not, however, dispositive. Id. at 1195. API also provides some media reports that tend to support its claim. Defendants assert in an affidavit that "the global top executive responsible for Gillette's worldwide business activities" works in Boston. Supp. Decl. of Vinitaa Jayson, ¶3. They also contend that "since 2009, Gillette's core leadership and executive functions have been located and carried out at Gillette's World Shaving Headquarters in South Boston, where Gillette's management directs, controls, and coordinates Gillette's activities." Dec. Of Vinitaa Jayson, ¶5.

The present record raises questions concerning who actually

directs, controls, and coordinates Gillette's activities. See Hertz, 130 S.Ct. at 1192. It also suggests questions of credibility that cannot now be decided on a properly informed basis. Therefore, the court is authorizing limited discovery to address these issues.

In view of the foregoing, it is hereby ORDERED that:

1. The Defendants' Motion to Dismiss the Second Amended Complaint (Docket No. 7) is ALLOWED. However, judgment shall not now enter for defendants.

2. Counsel for the parties shall meet and, by October 31, 2012, report whether this case has been settled.

3. If this case has not been settled, API may, by December 7, 2012, take up to two depositions, in Boston, Massachusetts, of up to two hours each, of the officers or employees of Gillette it contends directed the company's activities in August, 2011, when this case was filed.[1] API may, in a manner authorized by the Federal Rules of Civil Procedure, make requests for documents to be used in those depositions.

4. API shall, by December 21, 2012, file another motion to amend the complaint if it has a proper basis to do so.

5. Defendants shall, by January 18, 2013, file any

---

[1] The facts at the time a case is commenced are the focus for determining whether diversity jurisdiction exists. See 28 U.S.C. §1332(c)(1); Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957); Media Duplication Services, Ltd v. HDG Software, 928 F.2d 1228, 1236 (1st Cir. 1991).

5

opposition.

6. If necessary, a hearing on the motion to amend will be held on February 13, 2012, at 3:00 p.m. If the motion is allowed, a scheduling conference shall then be conducted. Accordingly, the parties shall respond to the attached Notice of Scheduling Conference.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE