```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

ALTERNATIVE PRODUCTIONS, INC.,  )
        Plaintiff,              )
                                )
        v.                      )   C.A. No. 11-11499-MLW
                                )
THE PROCTOR & GAMBLE COMPANY,   )
INC., The GILLETTE COMPANY      )
        Defendants.             )
```

                        MEMORANDUM AND ORDER

WOLF, D.J.                                       February 24, 2013

    This is an action for damages resulting from the alleged misappropriation by the defendants, the Proctor & Gamble Company, Inc. ("P&G") and the Gillette Company ("Gillette"), of intellectual property belonging to the plaintiff, Alternative Productions, Inc. ("API"). Defendants have moved to Dismiss for Lack of Prosecution Pursuant to Federal Rule of Civil Procedure 41(b) (the "Rule 41(b) Motion") and seek Leave to File a Three Page Reply in Further Support of Their Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (the "Motion to Reply"). For the reasons discussed below, the Motion to Reply is being allowed and the Rule 41(b) is being denied. However, in accordance with the September 28, 2012 Order allowing Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion to Dismiss"), judgment is being entered for defendants and the case is being dismissed without prejudice to being re-filed in a court of competent jurisdiction. See Memorandum & Order, Sep. 28, 2012.

    This is defendants' second attempt to dismiss this case. As

grounds for their first motion to dismiss, defendants argued that the addition of Gillette as a defendant destroyed the diversity of citizenship required to establish diversity jurisdiction under 28 U.S.C. §1332(a). API originally brought this action against P&G. Plaintiff subsequently filed an Amended Complaint adding Gillette, a subsidiary of P&G, as a defendant. Federal jurisdiction was based on diversity of citizenship under §1332(a) because API is a citizen of Massachusetts and P&G is a citizen of Ohio, where it has its principal place of business. In both the Amended Complaint, and the now operative Second Amended Complaint, Gillette is alleged to have its principal place of business in Massachusetts. In opposition to the Motion to Dismiss, API argued that Gillette's principal place of business is actually in Ohio and proposed to amend the Second Amended Complaint again to allege this and thus reestablish diversity jurisdiction.

Finding that the record raised questions concerning who actually directs, controls, and coordinates Gillette's activities, on September 28, 2012, the court issued an Order allowing defendants' Motion to Dismiss, but postponing entry of judgment for defendants in order to allow limited jurisdictional discovery. See Memorandum & Order, Sep. 28, 2012. Specifically, the court ordered that the parties were to confer regarding settlement and that if the case was not settled, plaintiff could, by December 7, 2012, take up to two depositions. The court also ordered plaintiff, by

December 21, 2012, to file another motion to amend the complaint if it had a proper basis to do so. Id.

On October 23, 2012, the parties filed a Joint Status Report indicating that they discussed settlement, but were unable to resolve the case. Plaintiff, however, did not conduct jurisdictional discovery or file another motion to amend the complaint. On December 21, 2012, defendants filed the instant Rule 41(b) Motion to dismiss. Plaintiff filed an opposition and, on January 8, 2013, defendants filed a Motion to Reply.

In support of their Rule 41(b) Motion, defendants assert that API has failed to prosecute this case, and has not complied with the deadlines for jurisdictional discovery and other matters set forth in the September 28, 2012 Order. Plaintiff does not oppose dismissal in accordance with the Order, but opposes dismissal pursuant to Rule 41(b) which, would be on the merits. See Fed. R. Civ. Pro. 41(b).

Federal Rule of Civil Procedure 41(b) provides, in relevant part, as follows,

> If the plaintiff fails to prosecute . . . or to [comply] with a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Dismissal with prejudice, however, is a harsh sanction "which should only be employed when a [plaintiff's] misconduct has been extreme." Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir.

1990). A motion to dismiss under Rule 41(b) is assessed according to several factors, including, "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007) (quoting Benítez-García v. González- Vega, 468 F.3d 1, 5 (1st Cir. 2006) (internal quotation omitted). Dismissal for failure to prosecute, specifically for failing to comply with discovery orders, is appropriate where the behavior "amount[s] to willful misconduct . . . and constitute[s] a willful dereliction of counsel's responsibility both to this court and to defendants." Damiani v. Rhode Island Hosp., 704 F.2d 12, 14-15 (1st Cir. 1983) (internal quotation omitted); see Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este, 456 F.3d 272, 274 (1st Cir. 2006) (dismissal affirmed, where district court cited "plaintiff's persistent flouting of court orders and rules").

Because API has not failed to comply with a court order, dismissal for lack of prosecution is not appropriate. See Fed. R. Civ. Pro 41(b). Pursuant to the September 28 Order, plaintiff had the opportunity, but not an obligation, to conduct limited jurisdictional discovery and file an amended complaint "if it [had] a proper basis to do so." Memorandum & Order, Sep. 28, 2012. API

should have communicated to the court its intention not file another amended complaint. However, such an omission does not constitute the "willful misconduct" necessary to warrant dismissal with prejudice under Rule 41(b). See Damiani, 704 F.2d at 14-15. Accordingly, defendants' Rule 41(b) Motion is being denied.

In view of the foregoing, it is hereby ORDERED that:

1. The Defendants' Motion for Leave to File a Three Page Reply in Further Support of Their Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (Docket No. 27) is ALLOWED.

2. The Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (Docket No. 25) is DENIED.

3. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 7) is ALLOWED for the reasons stated in the September 28, 2012 Memorandum and Order, and the case is DISMISSED without prejudice to being re-filed in a court of competent jurisdiction.

UNITED STATES DISTRICT JUDGE